Citation Nr: 1829951 
Decision Date: 12/20/18 Archive Date: 12/21/18

DOCKET NO. 11-21 130A ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a psychiatric disability, to include major depression with pseudo-dementia and memory loss/cognitive impairment (also claimed as anxiety and depression and as a nervous condition with tic in the neck). 

REPRESENTATION

Appellant represented by: Kenneth M. Carpenter, Attorney


ATTORNEY FOR THE BOARD

Debbie Breitbeil, Counsel


INTRODUCTION

The Veteran served on active duty from May 1972 to May 1975. He died in August 2015, and the appellant is his surviving spouse, substituting for him in this appeal. In June 2018, the Board promulgated a decision with regard to the psychiatric disability issue on appeal. (Another issue, namely, entitlement to service connection for a neck disability, is also on appeal but is not the subject of this vacatur.) 


ORDER TO VACATE

The Board of Veterans' Appeals (Board) may vacate an appellate decision at any time upon request of the appellant or her representative, or on the Board's own motion, when an appellant has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.904. 

On the same day that the Board's June 5, 2018 decision denying service connection for a psychiatric disability was promulgated, the appellant's attorney had sent, by facsimile to the Board, a statement requesting that the appellant be given the full 90 days to submit additional evidence and/or argument in support of her appeal, which had been offered, upon request, in a May 22, 2018 letter to her from the Board; the attorney's request referenced both matters on appeal (i.e., service connection for a psychiatric disability and a neck disability). In August 2018, the appellant's attorney filed a Motion for Reconsideration of the Board's June 2018 decision, asserting that the appellant had not been given the requested 90 days to submit additional evidence and/or argument as requested. (It was also asserted that the Board had incorrectly determined that the appellant had not filed a timely substantive appeal in regard to the other appealed issue of service connection for a neck disability; notably, the record indicates that such appeal was certified by the agency of original jurisdiction to the Board in July 2018, after the Board's decision.) Therefore, in acknowledgment that due process was not accorded to the appellant at the time of the June 5, 2018 decision, the Board has decided to vacate the decision in its entirety. 

Accordingly, the June 5, 2018 Board decision addressing the issue of entitlement to service connection for a psychiatric disability, to include major depression with pseudo-dementia and memory loss/cognitive impairment (also claimed as anxiety and depression and as a nervous condition with tic in the neck), is vacated. 

Under 38 U.S.C. § 7252, only a final decision of the Board is appealable to the United States Court of Appeals for Veterans Claims (Court). This vacatur is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b). A decision on the matters pertaining to both a psychiatric disability and a neck disability will be forthcoming, after the appellant has been afforded a 90-day period [following issuance of this Vacate] to submit additional evidence and/or argument in support of her appeal. 


 ____________________________________________
George R. Senyk
 Veterans Law Judge, Board of Veterans' Appeals